**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERNANDO DELGADO,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>RAYMOND MADDEN, Warden,<br><br>　　　　　　Respondent. | Case No. 2:18-cv-02699-FMO-MAA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge.

　　　　The Court also has reviewed Petitioner's objections to the Report and Recommendation, which the Court received and filed on June 18, 2020 ("Objections"). (Objs., ECF No. 22.) As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in de novo review of the portions of the Report and Recommendation to which Petitioner specifically has objected.

　　**I.　Ground One**

　　As to Ground One of the First Amended Petition, Petitioner argues in his Objections that the Magistrate Judge erred in concluding that the state court's

harmless error analysis was not objectively unreasonable. (Objs., at 2–5.) Specifically, Petitioner argues that because Detective Guillen is a law enforcement officer, his testimony likely was accorded greater weight than the other evidence regarding Augustine's encounter with the Mariana Maravilla gang members. (*Id.*) Thus, according to Petitioner, the admission of Detective Guillen's testimony regarding Augustine's statements was not harmless. (*Id.*)

The Court has conducted an independent review of the state court's decision, which held that the trial court's admission of Detective Guillen's testimony regarding Augustine's statements was harmless error under the standard set forth in *Chapman v. California*, 386 U.S. 18 (1967). (Lodged Document ("LD") No. 8, ECF No. 13-13, at 15–17.) The Court concurs with the Magistrate Judge's conclusion that the state court's decision is not objectively unreasonable. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("[A] a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.") As the state court and Magistrate Judge reasoned, Detective Guillen's opinion that Petitioner acted on behalf of the Mariana Maravilla gang was also supported by his professional experience and knowledge of the Mariana Maravilla gang's activities, as well as testimony from Alicia and Petitioner regarding the incident between Augustine and the gang members. (*See* R&R, ECF No. 21, at 25; LD 8, at 17).

The Court also concurs with the Magistrate Judge's conclusion that Petitioner has failed to show that the introduction of Augustine's statements had a "substantial and injurious effect or influence in determining the jury's verdict"—the harmless error standard that applies on collateral review. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Petitioner's arguments that the jury would not have credited Alicia's testimony, and that he would not have testified about the incident with

Augustine but for Detective Guillen's testimony, are too speculative to warrant relief. *See Morales v. Woodford*, 388 F.3d 1159, 1173 (9th Cir. 2003) ("Mere speculation is insufficient to grant the writ under *Brecht* . . . .").

## II.   Ground Two

As to Ground Two, Petitioner argues in his Objections that the Magistrate Judge overlooked the California Supreme Court's recent decision in *People v. Canizales*, 7 Cal. 5th 591 (2019), which limits the use of the "kill zone" theory jury instruction. (Objs., at 6.) He argues that under *Canizales*, the use of the "kill zone" instruction in his case was prejudicial; and therefore, the state court's harmless error analysis was objectively unreasonable. (*Id.*, at 5–9.)

The Magistrate Judge acknowledged *Canizales* and thus declined to reach Respondent's argument that the "kill zone" instruction was proper in this case. (R&R, at 32–33). Although *Canizales* held that the use of a "kill zone" instruction in that case was prejudicial, this state court decision does not affect the federal harmless error standard, which is governed by *Chapman*. In light of the evidence presented at trial—Christopher and Alicia's testimony that Petitioner shot at everyone in the group and that Christopher was directly in the line of fire before successfully taking cover (*see* 2 Reporter's Transcript ("RT") 334–35, 373–76, 427–28, 431), and the evidence of Petitioner's gang-related motive for killing everyone in the group (*see* 2 RT 450–53, 485–88; 3 RT 710–12; 4 RT 1040, 1052–55), this Court concurs with the Magistrate Judge's conclusion that the state court's harmless error analysis was not an objectively unreasonable application of *Chapman*.

In sum, the Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: August 21, 2020

                                          /s/
                                       FERNANDO M. OLGUIN
                                       UNITED STATES DISTRICT JUDGE